UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HYNRYETTA WALKER, on behalf of Herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAYNE HALFWAY HOUSE, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 3:25-cv-01455<br>)<br>)<br>)<br>) |

## ANSWER TO CLASS ACTION COMPLAINT

COMES the Defendant, Wayne Halfway House, Inc. ("Defendant" or "Wayne Halfway House"), by and through counsel, and respectfully files this Answer to Plaintiff, Hynryetta Walker's ("Plaintiff"), Class Action Complaint ("the Complaint") [Doc. 1].

1. Paragraph 1 of the Complaint makes no allegations to admit or deny. However, Defendant denies that certification of this lawsuit as a class action is appropriate.

2. The Complaint does not contain a Paragraph 2.

3. Defendant admits the averments contained in Paragraph 3 of the Complaint.

4. Defendant denies the averments contained in Paragraph 4 of the Complaint.

5. For response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff was terminated from a worksite located in Tampa, Florida on or around December 11, 2025. Defendant denies the remaining averments contained in Paragraph 5 of the Complaint.

6. Defendant denies the averments contained in Paragraph 6 of the Complaint and denies that this lawsuit is appropriate for class certification.

1

7. For response to Paragraph 7 of the Complaint, Defendant denies that it violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"), and denies that this lawsuit is appropriate for class certification.

8. Defendant denies the averments contained in Paragraph 8 of the Complaint.

9. Defendant denies the averments contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint appears to be incomplete and contains no averments to admit or deny. Out of caution, any and all averments that may be contained in Paragraph 10 are denied.

11. Defendant denies the averments contained in Paragraph 11 of the Complaint.

12. For response to Paragraph 12 of the Complaint, Defendant denies that it violated the WARN Act and denies that this lawsuit is appropriate for class certification.

## **Jurisdiction and Venue**

13. For response to Paragraph 13 of the Complaint, Defendant admits that this Court has subject matter jurisdiction based upon the allegations contained in the Complaint.

14. For response to Paragraph 14 of the Complaint, Defendant admits that venue is proper in this district based upon the allegations contained in the Complaint.

## **Parties**

15. Defendant denies the averments contained in Paragraph 15 of the Complaint and denies that this lawsuit is appropriate for class certification.

16. For response to Paragraph 16 of the Complaint, Defendant admits that Plaintiff had been employed full time by Defendant for approximately seven months at the time of her termination. All remaining averments contained in Paragraph 16 of the Complaint are denied.

17. Defendant denies the averments contained in Paragraph 17 of the Complaint.

### Alleged Facts

18. Defendant admits the averments contained in Paragraph 18 of the Complaint.

19. Defendant denies the averments contained in Paragraph 19 of the Complaint.

20. Defendant denies the averments contained in Paragraph 20 of the Complaint.

21. Defendant denies the averments contained in Paragraph 21 of the Complaint.

22. For response to Paragraph 22 of the Complaint, Defendant denies that it failed to provide proper notice pursuant to the WARN Act and denies all remaining averments contained in Paragraph 22 of the Complaint.

23. Defendant admits the averments contained in Paragraph 23 of the Complaint.

24. For response to Paragraph 24 of the Complaint, Defendant admits only that the order to lay off employees came from its headquarters. For further response, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 24 of the Complaint.

25. For response to Paragraph 25 of the Complaint, Defendant admits that it conducted business in this district and admits the averments contained in Paragraph 25 of the Complaint with respect to Plaintiff. Defendant denies the averments contained in Paragraph 25 of the Complaint with respect to "other similarly situated individuals" and denies that this lawsuit is appropriate for class certification.

### Class Action Allegations

26. For response to Paragraph 26 of the Complaint, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 26 of the Complaint.

27. For response to Paragraph 27 of the Complaint, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 27 of the Complaint.

28. For response to Paragraph 28 of the Complaint, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 28 of the Complaint.

29. For response to Paragraph 29 of the Complaint, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 29 of the Complaint.

30. For response to Paragraph 30 of the Complaint, Defendant denies that this lawsuit is appropriate for class certification and denies all remaining averments contained in Paragraph 30 of the Complaint.

## COUNT I
### Alleged Violations of the WARN Act

For response to Plaintiff's un-numbered "incorporation" paragraph, Defendant denies that this lawsuit is appropriate for class certification. For further response, Defendant re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

31. Defendant admits the averments contained in Paragraph 31 of the Complaint.

32. Defendant denies the averments contained in Paragraph 32 of the Complaint and denies that this lawsuit is appropriate for class certification.

33. Defendant denies the averments contained in Paragraph 33 of the Complaint.

34. For response to Paragraph 34 of the Complaint, Defendant denies that it violated the WARN Act, denies that this lawsuit is appropriate for class action certification, and denies any

remaining averments contained in Paragraph 34 of the Complaint that require a response from Defendant.

35. For response to Paragraph 35 of the Complaint, Defendant admits that it did not provide 60 days' written notice to affected employees, but Defendant denies that its actions violated the WARN Act. Defendant denies all remaining averments contained in Paragraph 35 of the Complaint.

36. Defendant denies the averments contained in Paragraph 36 of the Complaint.

37. Defendant denies the averments contained in Paragraph 37 of the Complaint and denies that this lawsuit is appropriate for class certification.

38. For response to Paragraph 38 of the Complaint, Defendant denies that it violated the WARN Act and denies that this lawsuit is appropriate for class certification. For further response, the termination at issue was caused by business circumstances that were not reasonably foreseeable as of the time that notice under the WARN Act would have been required. 29 U.S.C. § 2102(b)(2)(A).

39. For response to Paragraph 39 of the Complaint, Defendant denies that it violated the WARN Act and denies that this lawsuit is appropriate for class certification. For further response, the termination at issue was caused by business circumstances that were not reasonably foreseeable as of the time that notice under the WARN Act would have been required. 29 U.S.C. § 2102(b)(2)(A).

40.

41. For response to Plaintiff's Prayer for Relief, including Paragraphs 1. – 8., Defendant denies that Plaintiff is entitled to the relief therein requested, or any relief, from this Defendant.

42. All averments contained in the Complaint not heretofore admitted, qualified, or denied, are here and now denied as if set forth specifically and denied.

43. Defendant reserves the right to amend its Answer, including the right to assert additional defenses, following investigation and discovery.

**Defenses**

1. The Complaint fails to state claim upon which relief can be granted.

2. The Complaint fails to state a claim for class certification.

3. Defendant states as a defense that it complied with the provisions of the WARN Act in connection with the termination at issue.

4. Defendant states as a defense that the termination at issue was caused by business circumstances that were not reasonably foreseeable as of the time that notice under the WARN Act would have been required. 29 U.S.C. § 2102(b)(2)(A).

5. Although Defendant denies that it violated the WARN Act, Defendant states as a defense that it acted in good faith with respect to all actions taken in connection with the termination at issue and Defendant had reasonable grounds for believing that its actions were not a violation of the WARN Act. *See* 29 U.S.C. § 2104(a)(4).

6. Defendant states as a defense that this lawsuit is not appropriate for class certification.

7. Defendant states as a defense that Plaintiff cannot establish the requirements of class certification.

8. Defendant states as a defense that Plaintiff's proposed class definition is inappropriate.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed with prejudice, that Defendant be awarded its reasonable attorneys' fees as part of costs in this matter pursuant to 29 U.S.C. § 2104(a)(6), and that the Court award Defendant such other and further relief as it deems just and proper.

Respectfully submitted this 21st day of January, 2026.

        **WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC**

By: /s/Robert L. Vance
Gregory C. Logue (BPR 012157)
Robert L. Vance (BPR 021733)
900 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902-1810
Telephone: (865) 215-1000
Facsimile: (865) 215-1001
glogue@wmbac.com
bvance@wmbac.com

Matthew W. Sexton, Esq. (BPR 027526)
P. O. Box 1085
Morristown, TN 37816
msexton@waynehalfway.com

*Attorneys for Defendant Wayne Halfway House, Inc.*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 21, 2026, a copy of the **ANSWER TO CLASS ACTION COMPLAINT** was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system. The following were served by operation of the Court's electronic filing system on January 21, 2026:

J. Gerard Stranch, IV, Esq.
Stranch, Jennings, & Garvey, PLLC
223 Rosa Parks Avenue, Ste. 200
Nashville, TN 37203
gstranch@stranchlaw.com

                                       By: */s/* Robert L. Vance
                                                Robert L. Vance, BPR #021733