| | | |
|---|---|---|
| *Hynryetta Walker, on behalf of* *herself and others similarly situated,* | ) ) | **Case No: 3:25-cv-01455** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **District Judge Aleta A. Trauger** |
| **v.** | ) | |
| | ) | |
| *Wayne Halfway House, Inc.,* | ) | |
| | ) | |
| **Defendant.** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

A.    JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

B.    BRIEF THEORIES OF THE PARTIES:

1)    **PLAINTIFF:**

Plaintiff filed this class action complaint under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 ("WARN Act"), concerning a mass layoff and/or plant closing at Defendant's facility. Upon information and belief, on December 11, 2025, Defendant terminated and/or laid off over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Defendant's facility located in Tampa, Florida, the employment site for WARN Act purposes. This constitutes a mass layoff and/or plant closing under the WARN Act, which required Defendant to provide 60-days' notice prior to termination and/or layoffs. On or about December 9, 2025, Defendant informed employees, including Plaintiff, that their jobs would be terminated effective December 11, 2025, at 11:59 p.m. Defendant provided notice to the proper local authorities under the WARN Act's requirement on that same day. Thus, Plaintiff and the putative class of employees received less than 60 days' notice in violation of the WARN Act.

Further, no circumstances existed that would have permitted Defendants from reducing the notification period provided in 29 U.S.C. § 2102(b).

The dates set forth below, contemplating that full discovery should immediately commence, are Plaintiff's proposed dates. Defendant's position is set forth in its theory.

    2)   **DEFENDANT:**

Wayne Halfway House ("WHH") has no liability under the WARN Act, because WHH provided prompt notice under the Act when it learned that its contract to operate the facility at issue was going to be terminated. This case involves a juvenile facility that WHH operated in Florida known as Tampa Bay Girls Academy ("TBGA"). WHH operated the facility pursuant to a contract with the Florida Department of Juvenile Justice ("DJJ"). Due to incidents that occurred in November 2025, DJJ made the determination to remove the girls from the facility on December 1, 2025. Over the next several days, WHH and DJJ engaged in discussions to bring resolution to the concerns DJJ raised, but DJJ ultimately notified WHH that no resolution regarding the issues could be reached. Accordingly, WHH began exploring an assignment of the contract to another provider. On December 8, 2025, WHH reached an oral agreement with another provider for the assignment of the contract. The reassignment was not signed by DJJ and the other provider until December 11, 2025. However, by December 9, 2025, WHH believed that it had enough information to determine that it would cease operations on December 11, 2025, and issued notice under the WARN Act on that date. WHH continued paying its employees past the termination date. In addition, WHH transferred and offered to transfer many of the affected employees and worked with others to secure new employment. This layoff was caused by business circumstances that were not reasonably foreseeable to WHH until December 9, 2025. In addition, WHH acted in good faith and had reasonable grounds for believing that its actions were not a violation of the WARN Act.

C.      ISSUES RESOLVED: Jurisdiction, and venue.

D.      ISSUES STILL IN DISPUTE: Liability, and damages.

E.      INITIAL DISCLOSURES: Plaintiff proposes that the parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **April 6, 2026.**

F.      DISCOVERY:  The parties shall complete all written discovery and depose all fact witnesses on or before **January 29, 2027**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.      MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **June 26, 2026.**

H.       DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before  **February 12, 2027**.  The defendants shall identify and disclose all expert witnesses and reports on or before **March 12, 2027**.

I.      DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **April 30, 2027**.

J.       JOINT MEDIATION REPORT: The parties will discuss the prospect of engaging in formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for mediation. Plaintiff proposes that any Joint Mediation Report be filed by **January 4, 2027.**

K.       DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or

3

before **May 7, 2027**.  Responses  to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 25 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a  separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.        ELECTRONIC DISCOVERY.  The parties will confer regarding an agreement on how to conduct electronic discovery. If an agreement cannot be reached, the default standard contained in Administrative Order No. 174 will apply to this case.

M.        ESTIMATED TRIAL TIME:  The parties estimate any trial to last approximately **3** days.

It is so **ORDERED.**

_____
**ALETA A. TRAUGER**
**U.S. District Judge**

4

**APPROVED FOR ENTRY:**

ATTORNEYS FOR PLAINTIFF:

*/s J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR # 23045)
Mariah S. England (KY Bar # 101336)
Michael C. Tackeff (BPR # 036953)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: 615-254-8801
Fax: 615-255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com
mtackeff@stranchlaw.com


Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
980 N. Michigan Ave. Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com

*pro hac vice forthcoming*

ATTORNEYS FOR DEFENDANT:

*/s/ Robert Lee Vance w/ permission*
Gregory C. Logue, Sr.
Robert Lee Vance
**WOOLF, MCCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC**
900 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

5

Telephone: (865) 215-1000
logueg@wmbac.com
bvance@wmbac.com

Matthew Wayne Sexton
**SEXTON LAW FIRM** P.O.
Box 1085 Morristown, TN
37816 Telephone:
423-736-0330
mrmattsextonjd@gmail.com